# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**AARON SAXTON, et al.,**            }
                                     }
    **Plaintiffs,**           }
                                     }
**v.**                               }   **Case No.:  CV 04-P-2579-S**
                                     }
**TRACY YOUNG, an individual, et al.,** }
                                     }
    **Defendants.**           }

## MEMORANDUM OPINION

Pending before the court is Defendant Titlemax of Tennessee, Inc.'s Motion to Dismiss (Doc. #10) filed September 22, 2004.  Defendant Titlemax of Tennessee ("TMT") moves this court for an order dismissing all claims against it arguing that the court lacks personal jurisdiction over it.  Plaintiffs filed this action against TMT, among other Defendants, alleging they were denied overtime in violation of § 216(b) of the Fair Labor Standards Act.  Even when viewed in the light most favorable to Plaintiffs, the following facts appear to be undisputed.

TMT consists of "title pawn shops" throughout Tennessee in which pawns are issued to customers on their automobile titles.  TMT does not conduct business or engage in any business operations in Alabama.  It does not offer title pawns on Alabama titles.  *See* Affidavit of Tracy Young at ¶ 4.  TMT does not have any offices in Alabama or own or rent any property there.  *See id.*  TMT is not registered to do business in Alabama and it does not have a license to issue title pawns in Alabama.  *See id.*

Plaintiffs have the burden of establishing that personal jurisdiction over TMT exists.  *See LaSalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F. Supp. 2d 1293, 1296 (S.D. Ala. 2003). Because Alabama's long-arm provision "authorizes the assertion of personal jurisdiction to the limits

of the United States Constitution," Plaintiffs may carry their burden "by demonstrating that personal jurisdiction over the Defendant meets the requirements of federal due process. Due process requires that the Defendant have 'certain minimum contacts' with the forum state and, second that the exercise of jurisdiction over the Defendant does not offend 'traditional notions of fair play and substantial justice.'" *LaSalle Bank*, 274 F. Supp. 2d at 1297; *see Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

A plaintiff can either establish general or specific jurisdiction over the Defendant to show personal jurisdiction exists. *See e.g., International Shoe Co. v. Washington*, 326 U.S. 310 (1945) (detailing contours of appropriate and inappropriate exercise of personal jurisdiction); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984) (acknowledging scholarly distinction made between exercise of "specific" and "general" jurisdiction). To establish general jurisdiction over the Defendant, a plaintiff must demonstrate that the Defendant's connection with the forum state is "continuous and systematic." *LaSalle Bank*, 274 F. Supp. 2d at 1297; *see also Sherritt*, 216 F.3d at 1292. To constitute minimum contacts for the purposes of specific jurisdiction:

> [A] defendants' contacts with the applicable forum must satisfy three criteria: first, the contacts must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and third, the contacts must be such that the defendant should reasonably anticipate being hauled into court in the forum.

*Id*. at 1297; *see also Sherritt*, 216 F.3d at 1291.

Plaintiff cannot establish general personal jurisdiction over TMT, because TMT has no continuous or systematic presence in Alabama. *See generally Helicopteros Nacionales de Colombia,*

*S.A. v. Hall*, 466 U.S. 408 (1984) (evaluating nature of continuous and systematic contacts or presence and concluding that nonresident corporation's minimal and unrelated contacts with forum state are insufficient to satisfy due process requirements).  Nor can Plaintiff establish specific personal jurisdiction over TMT because the record contains undisputed evidence that TMT has *no* contacts with Alabama; it has not conducted business in Alabama and has done nothing to make it reasonably anticipate being haled into court in this state.  *See Kulko v. Superior Court*, 436 U.S. 84, 97-98 (1978) (finding lack of personal jurisdiction and analyzing that "[t]his single act [of acquiescing "in the stated preference of one of his children to live with her mother in California"] is surely not one that a reasonable parent would expect to result in the substantial financial burden and personal strain of litigating a child-support suit in a forum 3,000 miles away, and we therefore see no basis on which it can be said that appellant could reasonably have anticipated being "haled before a [California] court[.]") (citing *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977) ("Appellants have simply had nothing to do with the State of Delaware. Moreover, appellants had no reason to expect to be haled before a Delaware court.").

Plaintiffs concede that at this point in time they cannot show that TMT has had sufficient minimum contacts with Alabama to establish personal jurisdiction.  Rather, they argue that TMT, on the one hand, and Defendants Tracy Yong and Titlemax of Alabama, Inc., on the other, are alter egos and on that basis the court can assume jurisdiction over TMT.  The court disagrees.  The presence of a related corporation in Alabama does not constitute sufficient contacts to bring a company who has not purposefully availed itself of doing business in Alabama under Alabama courts' jurisdiction.  *See Ex parte Full Circle Distribution, LLC*, --- So. 2d. ----, 2003 WL 22872304, *5-6 (Ala. Dec. 5, 2004); *see also Meier v. Sun Int'l Hotels, LTD*, 288 F.3d 1264, 1272 (11th Cir.

2002); *Sherritt*, 216 F.3d at 123-94. If Young and TMT are hereafter shown to be alter egos,[1] Plaintiffs secure a judgment against Young, and Young is unable to satisfy that judgment, Plaintiffs will have the opportunity to attempt to domesticate such a judgment against TMT in a court of competent jurisdiction. Accordingly, the court finds Defendant Titlemax of Tennessee, Inc.'s Motion to Dismiss (Doc. #10) is due to be granted. An order will be entered contemporaneously with this Memorandum Opinion.

      **DONE** and **ORDERED** this ___29th___ day of December, 2004.

                                              **R. DAVID PROCTOR**
                                              UNITED STATES DISTRICT JUDGE

---

[1] In any event, the court is not prepared to make a finding of alter ego status this early in the case and based upon this record.