# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AARON SAXTON, et al., | } |
| Plaintiffs, | } |
| v. | }  Case No.: 2:04-CV-2579-RDP |
| TITLE MAX OF ALABAMA, INC., et al., | } |
| Defendants. | } |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Pending before the court is Plaintiffs'[1] Motion for Conditional Class Certification and for Court Assisted Notice (Doc. #42) filed on March 24, 2006. Defendants Title Max Management, Inc., Title Max of Georgia, Inc., Title Max of Alabama, Inc., Title Max of South Carolina, Inc., and Tracy Young (sometimes Defendants are collectively referred to as "Title Max") filed their opposition (Doc. #45) on April 15, 2006. Plaintiffs filed their supplemental brief (Doc. #46) on April 26, 2006.

Plaintiffs filed this action against Title Max alleging they were denied overtime in violation of § 216(b) of the Fair Labor Standards Act ("FLSA"). Title Max consists of "title pawn shops" in

---

[1] The named plaintiffs in the case are: Aaron Saxton, Jeffery Silas, Brian Phillips, Tonya Loyd, Hubert Welch, III, Jimmy Murphree, Jr., Frank Simmons, Mike Spane, Janie Levine, Takisha Motley, James Howard, Cory Hopper, Alonzo Duke, Kevin Everett, Adam Latham, Vernon Shaw, Jack Brown, Kesia Lewis, Amy Fritz, Michael Parks, Ronald Sprouse, Robert Hawkins, Mike Spurlin, Jr., George Sanders, Jonathan Edwards, Jeffery Carter, Christine Williams, Carlos Coney, June Dorminey, Kevin Maxwell, Melissa Fullmore, Cody Oxley, Bradford Neal, Piper Davis, Ruby Smith, Heath Mangum, Christy Courtney, and Walter Cain. On September 8, 2004, the court dismissed without prejudice the claims of one of the originally named plaintiffs, Carola Chappell, on her voluntary motion.

Georgia, Alabama, South Carolina (and other parts of the United States not involved in this case) in which pawns are issued to customers on their automobile titles. Plaintiffs seek to pursue this matter as a collective action under FLSA, and have requested this court to allow them to send a notice to "current and former assistant managers employed by Title Max . . . during the three (3) years prior to the filing of the complaint." (Doc. #43 at 1). After careful consideration of the legal arguments and evidence presented, the court concludes that Plaintiffs' Motion for Conditional Class Certification and for Court Assisted Notice is due to be denied.

## II.  CERTIFICATION OF COLLECTIVE ACTION ANALYSIS

### A.  Judicial Discretion and Plaintiffs' Burden

Title 29 U.S.C. § 216(b) provides in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

The court has the "discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential class members." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, , 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court.").

In *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562 (11th Cir. 1991), the Eleventh Circuit set forth a two-part test for determining whether a collective action under the FLSA should be conditionally certified. The two judicial inquiries for the court to make are: (i) whether there are other employees of the employer who wish to "opt-in;" and (ii) whether these employees are "similarly situated" with respect to both there job duties and their pay. *Dybach*, 942 F.2d at 1567-68; *see also Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1247-49 (11th Cir. 2003) (detailing differences between collective actions under FLSA and class actions under Rule 23). Plaintiffs bear the burden of demonstrating a "reasonable basis" for their claim that collective action status is appropriate. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citation omitted).

### B.     Opt-In Interest Requirement

Turning to the first requirement, Plaintiffs proffer as supporting evidence an undated affidavit of a former assistant manager who is not currently a party to this lawsuit (Doc. #43 at Ex. A) and an undated affidavit of an employee of Plaintiffs' counsel's law firm who relates certain out of court statements of individuals who she claims wanted to participate in a "previous case against Title Max." (Doc. #43 at Ex. H). Assuming without deciding that both pieces of evidence are admissible, neither affidavit is adequate to show a desire to opt-in to this particular case. *See* Memorandum Opinion in *Bosch v. Title Max, Inc., et al.*, No. 03-AR-0463-S, (N.D. Ala. Aug. 25, 2004) (denying Plaintiff's Motion for Conditional Certification on grounds that the affidavits proffered by plaintiffs "did not declare the intention of any party to opt-in to the conditional class") (*see* Doc. #45 at Ex. A); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (finding testimony that at least 12 other employees were unhappy with the specific

policies at issue, and that these employees would join the lawsuit, is insufficient to support a class certification, without affidavits or consents from "would-be class members").[2]

For example, the affidavit of the former Title Max assistant manager does not declare her intention to opt-in to the conditional class. Similarly, the affidavit of Kristi Butler states that she has spoken with individuals who wished to participate in a "previous case against Title Max." Consequently, neither sworn statement establishes that other employees of Title Max wish to opt-in to this purported collective action.

Moreover, in sharp contrast to this paucity of weak (and perhaps inadmissible[3]) evidence, Title Max has produced substantial evidence, including 158 affidavits (*see* Doc. #45 at Ex. C),[4] indicating that members of a potential opt-in class likely have no interest in opting in to this lawsuit. *See* Memorandum Opinion and Order at 5 in *Wombles v. Title Max of Alabama, Inc.*, No. 3:03-CV-1158-C, (M.D. Ala. Dec. 7, 2005) (denying Plaintiffs' Motion to Facilitate Class Notice Pursuant to 29 U.S.C. § 216(b) based in part upon comparing Plaintiffs' limited evidence to Defendants' submission of 46 employee affidavits in opposition to request for collective action status) (Doc. #45 at Ex. B). Therefore, Plaintiffs' Motion for Conditional Class Certification and for Court Assisted Notice fails for want of any reasonable basis for the court to conclude that an interest to opt-in exists.

---

[2]Similarly unpersuasive on the issue of opt-in interest is the number of plaintiffs joined in this case, (*see* Doc. #46 at 2 ¶ 4), as such litigants are ineligible to opt-in to a collective action.

[3]For example, the court has serious doubts regarding whether those portions of Butler's affidavit that report the statements of others are admissible. However, even assuming their admissibility, the evidence is still not enough to carry Plaintiffs' burden.

[4]As pointed out by Title Max, some of the affiants have executed two sworn statements—one in their capacity as an assistant manager, and another in their capacity as a manager.

### B.     Substantially Similar Requirement

The absence of Plaintiffs' evidence as to persons' having a desire to opt-in to this case, makes the second inquiry, difficult if not impracticable to undertake as the court reads *Dybach* to require a comparison of the pool of potential opt-in candidates with the named plaintiffs to see if their job requirements and pay are substantially similar. *See also Grayson*, 79 F.3d at 1096 ("[P]laintiffs need show only 'that their positions are similar, not identical,' to the positions held by the putative class members.") (citation omitted). Moreover, "the burden is on the plaintiffs to make an evidentiary showing that they and the proposed class are similarly situated, not on the defendants to disprove such similarity." *Reed v. Mobile County Sch. Sys.*, 246 F. Supp. 2d 1227, 1232 (S.D. Ala. 2003).

Notwithstanding the fact that there is not a readily discernible pool of potential opt-in candidates to compare with the named Plaintiffs, the court does not hesitate to find that Plaintiffs have failed to demonstrate to the court that, as a general matter, Title Max's assistant managers (who are not parties here) are similarly situated to Plaintiffs. *See Hipp*, 252 F.3d at 1219 ("The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.") (citation omitted).[5] For example, Plaintiffs do not offer any detailed sworn statements or point to any "single decision, policy, or plan" that allegedly resulted in the proposed opt-in class not receiving overtime wages in contravention of FLSA. *See Brooks v. BellSouth Telecommunications, Inc.*, 164 F.R.D. 561, 567 (N.D. Ala. 1995), *aff'd*, 114 F.3d 1202

---

[5]The court notes the authority within the Eleventh Circuit which supports the application of "a more rigorous standard than that called for by *Hipp*" when the parties have engaged in substantial discovery, such as has occurred in this case. *See, e.g., Davis*, 303 F. Supp. 2d at 1276. However, the court does not reach the issue of which standard to apply because it concludes that Plaintiffs are unable to even satisfy the more lenient *Hipp* standard.

(11th Cir. 1997). To the contrary, the record reflects that Title Max has a policy, which store managers are directed to enforce, that assistant managers are not to work over 40 hours in a week. (*See, e.g.,* Doc. 45 at Ex. D; *id.* at Ex. C). As concluded in *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 363-64 (M.D. Ala. 1999), this deficiency in Plaintiffs' evidence means at a minimum that inter-store (as opposed to intra-store) collective treatment is not appropriate.

Moreover, Plaintiffs have not offered any testimony that they personally worked in excess of 40 hours as assistant managers for Title Max; nor any evidence that members of the proposed opt-in class did. On the other hand, Title Max has presented to the court 158 affidavits which tend to show compliance with Title Max's stated rule that assistant managers do not work over 40 hours a week unless paid overtime.

Therefore, Plaintiffs seek to represent a class of assistant managers who, as contended, were subject to deviations from Title Max's official overtime policy. In the absence of any evidence tending to show that Title Max routinely breached FLSA's overtime provisions, such deviations are then, by their very nature, highly case-specific and subject to a variety of variables, including whether the store manager neglected to enforce the overtime policy and/or whether the assistant manager failed to report his or her overtime hours. The individualized analysis of overtime compensation runs directly counter to "the economy of scale envisioned by" collective treatment of substantially similar employees under § 216(b) of the FLSA. *See Horne* v. *United Servs. Auto. Ass'n,* 279 F. Supp. 2d 1231, 1237 (M.D. Ala. 2003) (discussing § 216(b)'s "competing considerations of the economy of scale" and avoiding "'stirring up' of litigation through unwarranted solicitation") (citations omitted). Accordingly, Plaintiffs' efforts to obtain conditional certification are alternatively rejected because they have failed to satisfy the similarly situated requirement

regarding their compensation.

### III.  CONCLUSION

For the reasons explained above, the court finds that Plaintiffs' Motion for Conditional Class Certification and for Court Assisted Notice is due to be denied on the basis that Plaintiffs have not adequately demonstrated:  (i) evidence of assistant managers who would have a desire to opt-in to a collective action; or, alternatively, (ii) evidence of potential opt-ins who are similarly situated to the named Plaintiffs with respect to their job duties and pay.  The court's decision against conditional certification is consistent with the *Bosch* and *Wombles* opinions (discussed above) in which Judge Acker and Magistrate Judge Coody, respectively, declined to certify similar FLSA collective actions against Title Max.  The court will enter an order denying Plaintiffs' Motion for Conditional Class Certification and for Court Assisted Notice contemporaneously with this Memorandum Opinion.

**DONE** and **ORDERED** this ____4th____ day of May, 2006.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**R. DAVID PROCTOR**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE